**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

TERRI FRANCIS,

        Plaintiff,

vs.                                                  Case No. 3:09-cv-581-J-32HTS

WAL-MART INC.,
a foreign corporation d/b/a
WAL-MART SUPER CENTER,

        Defendant.

## **ORDER**[1]

Plaintiff, Terri Francis, a Florida resident, originally filed this action against Defendant, Wal-Mart Inc., a foreign corporation, here in the Jacksonville Division of the United States District Court for the Middle District of Florida alleging claims for damages in excess of $75,000. (Doc. 1.) The parties have now filed the Agreed Notice to Transfer to State Court (Doc. 8), in which they move the Court to transfer this case to the Circuit Court of the Seventh Judicial Circuit in and for Flagler County, Florida. However, the parties have not cited any authority, nor is the Court aware of any that would permit the Court to transfer this case to state court.[2] As a result, the parties may choose to keep this case before this Court (assuming there is federal diversity jurisdiction, as alleged in plaintiff's complaint), or the

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] Title 28, § 1447 of the United States Code provides for remand to state court if a case has been originally filed in state court, and 28 U.S.C. §§ 1406 and 1631 provide for transfer to another federal district court. None of those statutes are available here.

parties may file a notice requesting the Court to dismiss this case without prejudice pursuant to Federal Rule of Civil Procedure 41(a).[3]  They could then file a suit in state court.

Accordingly, no later than **November 20, 2009**, the parties shall confer and file appropriate papers to advise the Court as to how the parties wish to proceed.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of November, 2009.

TIMOTHY J. CORRIGAN
United States District Judge

aa.
Copies:

counsel of record

---

[3] If the parties were pursuing transfer in lieu of dismissal to protect against the application of any statute of limitations, the Court would permit the parties to file a tolling agreement as a condition of the entry of Rule 41(a) dismissal.